UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Camden)

_____
                                                      :
JEFFREY FERREN,                           :   HON.  RENEE MARIE BUMB

           Plaintiff,                 :

                                 :   Case No. 1:15-cv-03721-RMB-AMD
      vs.                             :

FOULKE MANAGEMENT CORP.;   :
CHERRY HILL TRIPLEX and JOHN
DOES 1-5 AND 6-10,               :

          Defendants.     :

## ANSWER AND DEFENSES OF DEFENDANTS, FOULKE MANAGEMENT CORP. T/A CHERRY HILL TRIPLEX TO PLAINTIFF'S COMPLAINT

Defendants, Foulke Management Corp. t/a Cherry Hill Triplex by way of Answer to Plaintiff Complaint say:

### Preliminary Statement

The preliminary statement is a conclusion of law to which no response is required.

### Identification of Parties

1. It is admitted that the Plaintiff was employed by Defendant, Foulke Management Corp.

2. Admitted.

3. Admitted

3758737

4. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

### General Allegations

5. Denied.

6. Denied.

7. Admitted.

8. Denied as stated. Cherry Hill Triplex is a trade name of Foulke Management Corp.

9. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

10. The allegations contained in paragraph 10 are legal conclusions to which no response is required.

11. Denied.

12. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

13. Admitted.

14. Admitted.

15. The allegations contained in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, same are denied and Plaintiff is left to his proofs at time of trial.

16. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

17. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

18. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

19. Admitted.

20. The allegations contained in paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, same are denied and Plaintiff is left to his proofs at time of trial.

21. The allegations contained in paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, same are denied and Plaintiff is left to his proofs at time of trial.

22. Denied.

23. Denied.

24. Denied as stated. Plaintiff's position was eliminated.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. The allegations contained in paragraph 32 are legal conclusions to which no response is required. To the extent a response is required, same are denied and Plaintiff is left to his proofs at time of trial.

33. Denied.

34. Denied.

## COUNT I
## Failure to Accommodate Disability Under the LAD

35. Answering Defendant repeats and reasserts the answers to previous paragraphs if set forth herein at length.

36. The allegations contained in paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, same are denied.

WHEREFORE, Defendants, Foulke Management Corp. and Cherry Hill Triplex demand Judgment dismissing the Complaint and for attorney's fees, costs of suit and any other and further relief deemed equitable by the Court.

## COUNT II
## Failure to Engage in the Interactive Process Under the LAD

37. Answering Defendant repeats and reasserts the answers to previous paragraphs if set forth herein at length.

38. The allegations contained in paragraph 36 are legal conclusions to which no response is required. To the extent a response is required, same are denied.

WHEREFORE, Defendants, Foulke Management Corp. and Cherry Hill Triplex demand Judgment dismissing the Complaint and for attorney's fees, costs of suit and any other and further relief deemed equitable by the Court.

## COUNT III
### Discriminatory Discharge on the Basis of Disability Under the LAD

39. Answering Defendant repeats and reasserts the answers to previous paragraphs if set forth herein at length.

40. Denied.

WHEREFORE, Defendants, Foulke Management Corp. and Cherry Hill Triplex demand Judgment dismissing the Complaint and for attorney's fees, costs of suit and any other and further relief deemed equitable by the Court.

## COUNT IV
### Discriminatory Discharge on the Basis of Perception Held Regarding Disability Under the LAD

41. Answering Defendant repeats and reasserts the answers to previous paragraphs if set forth herein at length.

42. Denied.

WHEREFORE, Defendants, Foulke Management Corp. and Cherry Hill Triplex demand Judgment dismissing the Complaint and for attorney's fees, costs of suit and any other and further relief deemed equitable by the Court.

## COUNT V
### Retaliatory Discharge Under the LAD

43. Answering Defendant repeat and reasserts the answers to previous paragraphs if set forth herein at length.

44. Denied.

3758737

WHEREFORE, Defendants, Foulke Management Corp. and Cherry Hill Triplex demand Judgment dismissing the Complaint and for attorney's fees, costs of suit and any other and further relief deemed equitable by the Court.

## COUNT VI
### Retaliatory Discharge Under the FMLA

45.     Answering Defendant repeats and reasserts the answers to the previous paragraphs if set forth herein at length.

46.     Denied.

WHEREFORE, Defendants, Foulke Management Corp. and Cherry Hill Triplex demand Judgment dismissing the Complaint and for attorney's fees, costs of suit and any other and further relief deemed equitable by the Court.

## COUNT VII
### Unlawful Discharge Under the FMLA

47.     Answering Defendant repeats and reasserts the answers to the previous paragraphs if set forth herein at length.

48.     Denied.

WHEREFORE, Defendants, Foulke Management Corp. and Cherry Hill Triplex demand Judgment dismissing the Complaint and for attorney's fees, costs of suit and any other and further relief deemed equitable by the Court.

## COUNT VIII
### Request for Equitable Relief

49.     Answering Defendant repeats and reasserts the answers to the previous paragraphs if set forth herein at length.

50. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

51. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

52. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

53. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

54. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

55. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

56. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

57. Defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of this allegation and Plaintiff is therefore left to his proofs at time of trial.

WHEREFORE, Defendants, Foulke Management Corp. and Cherry Hill Triplex demand Judgment dismissing the Complaint and for attorney's fees, costs of suit and any other and further relief deemed equitable by the Court.

## **SEPARATE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the Entire Controversy Doctrine.

3. The Court lacks subject matter jurisdiction over this matter.

4. Defendant acted properly at all times.

5. If Plaintiff sustained injuries, which is specifically denied, then such injuries were caused by others and not caused by answering Defendant.

6. The provisions of Title 7 of the Civil Rights Act of 1974 as amended, apply in this to limit or bar Plaintiff's cause of action.

7. With respect to Plaintiff's cause of action, Plaintiff has failed to file administrative charges in a timely fashion and has further failed to exhaust his administrative remedies pursuant to these acts.

8. Some or all of the claims of Plaintiff's Complaint are or may be barred by the applicable statute of limitations.

9. Plaintiff's claims are barred as a result of his conduct during his employment with Defendant, which would justify an adverse employment action taken pursuant to the after acquired evidence doctrine.

10. All claims raised by Plaintiff in his Complaint are barred by estoppel, waiver or laches.

11. Plaintiff has failed to mitigate his damages, if any.

12. Defendant is liable for no damages including punitive damages.

13. Plaintiff has failed to provide a predicate for punitive damages.

14. Plaintiff has failed to mitigate his damages and, therefore, is not entitled to any damages.

15. To the extent Defendant's employer is alleged to be vicariously liable for discriminatory employment decisions of managerial agents, these decisions were contrary to the employers' good faith efforts to comply with all applicable statutes.

3758737

16. Plaintiff's claims for punitive damages are unconstitutional because the asserted standard for entitlement to punitive damages, is vague and arbitrary and the procedure for the assessment of punitive damages violates Defendant's rights to due process of law, protection of law, to the right to be free from all unlawful taking of property, the right to be free from excessive fines and all other substantive and procedural protections that constitution applicable to punitive damages.

17. Answering Defendant has acted, at all times, with reasonableness and in good faith. The Defendant employer had in place an effective anti-discrimination and/or anti-harassment policy and Plaintiff failed to avail himself of the complaint procedure contained therein.

18. Defendant had in place an appropriate anti-discrimination and/or anti- harassment policy of which Plaintiff was aware and Plaintiff's failure to take action pursuant to the terms of the policy and its complaint procedure bars this action against the Defendant.

19. Plaintiff's claims are barred because Defendant had no actual or constructive knowledge of any alleged harassment or discrimination.

20. Plaintiff's claims are barred because Defendant's remedial measures were adequate to respond to any actual or constructively known harassment or discrimination.

21. To the extent that Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that race or any alleged protected activity was a motivating factor in any employment decision at the time (which Defendant absolutely denies), Defendant is entitled to judgment, in whole or in part, because the same employment decisions would have been made irrespective of whether race or alleged protective activity was considered.

3758737

22. Defendant, at all times, complied with the standard of care applicable, if any, and performed all duties required under the law.

23. Defendant's actions complied with the Family Medical Leave Act and the New Jersey Law Against Discrimination.

24. Defendant reserves the right to raise any appropriate defense that arises during the pendency of this action.

        CAPEHART SCATCHARD, P.A.
        8000 Midlantic Drive
        Suite 300 South
        Mount Laurel, NJ 08054
        Attorneys for Defendants, Foulke Management Corp. t/a Cherry Hill Triplex

        */s Laura D. Ruccolo, Esq.*
        _____
        By: Laura D. Ruccolo, Esq.

Dated: June 18, 20154

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a true and correct copy of

## <u>ANSWER AND DEFENSES OF DEFENDANTS,<br>FOULKE MANAGEMENT CORP. AND CHERRY HILL TRIPLEX<br>TO PLAINTIFF'S COMPLAINT</u>

 with the Clerk of the Court using the ECF system, which will send notification of such filing to

the following counsel of record:

*Attorney for Plaintiff*
Daniel T. Silverman, Esq.
Kevin M. Costello, Esq.
Costello & Mains, P.C.
Suite 800
18000 Horizon Way
Mount Laurel, NJ  08054


Dated: June 18, 2015

*s/ Laura D. Ruccolo*
_____
LAURA D. RUCCOLO

3758737